MARY A. DAVIDSON v. JOHN H. BENNETT.

*Fraud—Question for jury—Costs.*

1. Where the record is printed solid, and in such small type as to make its reading exceedingly difficult, the appellant will not be allowed costs.

2. In this case the judgment is reversed for the error of the court in deciding that plaintiff had been defrauded, which was a question for the jury.

Error to Saginaw. (Gage, J.) Argued January 15, 1891. Decided February 27, 1891.

Replevin. Defendant brings error. Reversed. The facts are stated in the opinion.

*Edward J. Bissell,* for appellant.

*Byron A. Snow,* for plaintiff.

CHAMPLIN, C. J. This was an action of replevin commenced in justice's court to try the title of the plaintiff to a span of horses.

The defendant justified his right to possession under a certain chattel mortgage executed by Alfred Davidson and his wife, the plaintiff, to the Groton Bridge & Manufacturing Company, dated August 20, 1888, to secure the payment of $170, November 1, 1888, with interest. The plaintiff was not named in the body of the instrument as a party thereto, but signed her name to it under the name of her husband. She claimed and gave testimony which tended to prove that the horses were her separate property, and that her signature to the mortgage was obtained through fraudulent misrepresentations made to her to induce her to sign the instrument. The so-called

note, which the mortgage was given to secure, was in the words and figures following:

"$170.00.        CHESANING, MICH., AUG. 17, 1888.

"On or before the FIRST day of NOVEMBER, 1888, WE, of SAGINAW county, State of MICHIGAN, promise to pay to the order of the Groton Bridge and Manufacturing Company ONE HUNDRED AND SEVENTY dollars at the STEWART BANK, Owosso, for value received, with interest at SEVEN per cent. to maturity, and SEVEN per cent. per annum on principal and interest from maturity until paid.

"The express conditions of the transfer of the possession of the ENGINE, SEPARATOR, BELT, AND TANK, for which this note is given, are such that the title, ownership, or right of property does not pass from the said Groton Bridge and Manufacturing Company until this note, with interest, is paid in full. The said Groton Bridge and Manufacturing Company have full power to declare this note due, and take possession of said property, at any time they may deem this note insecure, even before the maturity of the same, and sell the said property at public or private sale, and apply the proceeds towards the payment of this note; and, should this note be collected by suit, the maker and indorser agree to pay all reasonable costs of collection, including plaintiff's attorney's fees.

[Signed]        "A. DAVIDSON."

(The written portions are printed in small capitals.)

The court, in instructing the jury, said:

"I doubt very much whether any woman would, or ought to, secure on her separate property a debt where a contract was made such as appears in this note, between the vendor and the vendee; for it is virtually leaving the whole matter in the hands of the vendor,—title, right to declare the debt due, sale of the property at public or private sale, and in fact it is a provision that is very stringent indeed, so much so that I am surprised that any sane man would ever sign such a note. I therefore conclude that the failure to represent to her the clause in this note, and the representation to her of this mortgage, which would indicate that the note was simply an ordinary note, due in November, 1888, in the nature of the misrepresentation, and the failure to represent to her facts that ought to have been represented, I conclude

that they amounted to a fraud upon her, and that she cannot be held as estopped in this case."

The testimony was not without conflict as to what representations were made, nor of the failure to represent to the plaintiff facts which ought to have been represented, and the court erred in taking the question of fraud from the jury, and deciding that the plaintiff had been defrauded himself. For this error the judgment must be reversed. The costs of this Court will abide the event of the new trial.

The record has been printed solid, and in such small type as to make it exceedingly difficult to read the record. Under such circumstances, the prevailing party will not be allowed costs.

The other Justices concurred.